UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL |
| VERSUS | NO. 96-125 |
| BILLY LAMPTON | SECTION: A |

### TRANSFER ORDER

Billy Lampton, a federal prisoner, filed a "Motion for relief from an order and/or judgment previously rendered in this Honorable Court, pursuant to Fed. R. Civ. P. 60(b)(6), based on petitioner's previously filed motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) reflecting petitioner's preserved claim consistent with the holding in the Fifth Circuit United States v. Bass, 310 F.3d 321 (5th Cir. 2002) decision." Lampton seeks to vacate his conviction for engaging in a continuing criminal enterprise in light of the Bass decision.[1]

---

[1] Defendant is presently serving a 360-month term of imprisonment for each of three counts of distribution of heroin (21 U.S.C. § 841 (a)(1)), a term of life imprisonment for one count of engaging in a continuing criminal enterprise (21 U.S.C. § 848), and a 120-month term of imprisonment for fraudulent use of a telecommunications instrument (18 U.S.C. § 1029 (a)(5)). All of defendant's sentences run concurrently with one another.

A review of this Court's record reflects that Lampton previously filed a motion pursuant to 28 U.S.C. § 2255 to vacate these same convictions and sentences as well as his conviction and sentence for conspiracy to distribute heroin, cocaine, cocaine base, and marijuana (21 U.S.C. § 846). This Court granted the motion insofar as it sought to vacate his conspiracy conviction and sentence and denied the remainder of the motion. United States v. Lampton, No. 96-125 (E.D. La. March 12, 2001). Defendant appealed that portion of the judgment which denied him further post-conviction relief; the Fifth Circuit denied defendant a certificate of appealability for that appeal. United States v. Lampton, No. 01-31110 (February 25, 2002).

Lampton subsequently filed a "Motion to vacate void Judgment of Conviction and sentence for lack of Subject Matter Jurisdiction pursuant to Federal Rules of Civil Procedure, Rule 60(b)(4)," seeking to vacate his convictions on constitutional grounds. This Court construed the Rule 60(b) motion as a second or successive motion for habeas corpus relief under 28 U.S.C. § 2255, and transferred it to the United States Fifth Circuit Court of Appeals. Defendant voluntarily dismissed the motion for authorization to proceed with his successive § 2255 motion. In Re Lampton, 02-31102 (5th Cir. December 3, 2002).

In his present Rule 60(b)(6) motion, Lampton contends that "under Bass he is actually innocent of his CCE counts." Therefore, he requests that the Court vacate its previous order denying his Motion to Alter or Amend Judgment pursuant to Civil Rule 59(e). Courts may treat motions that federal prisoners bring under Rule 60(b), but which essentially seek to set aside their convictions on constitutional grounds, as § 2255 motions. See Gonzalez v. Crosby, 545 U.S. 524, 531-33 (2005); United States v. Rich, 141 F.3d 550, 551 (5th Cir. 1998), cert. den., 526 U.S. 1011, 119 S.Ct 1156, 143 L.Ed.2d 221 (1999). The Court will construe Lampton's present request for relief as a

successive motion for relief as described in 28 U.S.C. §§ 2244 and 2255.  In order to overcome the prohibition against the filing of second or successive claims, the defendant must establish that the motion contains one of the following requirements:

1) claims based on newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or

2) claims based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Before the motion can be considered on the merits by this District Court, the defendant must obtain certification from the United States Fifth Circuit Court of Appeals to file this second or successive motion by making a prima facie showing of the above listed requirements to that appellate court as required by § 2255.  Until such time as defendant obtains said certification, this Court is without jurisdiction to proceed.  Accordingly,

**IT IS ORDERED** that defendant's motion be construed in part as a motion for certification for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that this motion be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether defendant is authorized under 28 U.S.C. § 2244 and § 2255 to file the instant motion to vacate in this District Court.

New Orleans, Louisiana, this _____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE

3