UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                   CRIMINAL

VERSUS                                                                        NO. 96-125

BILLY LAMPTON                                                         SECTION: "A"

**TRANSFER ORDER**

Federal prisoner Billy Lampton has filed another motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.[1]  (Rec. Doc. No. 1002). A review of this Court's record reflects that Lampton initially filed a motion pursuant to 28 U.S.C. § 2255 to vacate these same convictions and sentences as well as his conviction and sentence for conspiracy to distribute heroin, cocaine, cocaine base, and marijuana (21 U.S.C. § 846).  Rec. Doc. No. 820.  In March of 2001, this Court granted the motion insofar as it sought to vacate his conspiracy conviction and sentence and denied the remainder of the motion.  United States v. Lampton, No. 96-125 (E.D. La. March 21, 2001).  Defendant appealed that portion of the judgment which denied him further post-conviction

---

[1] Defendant is presently serving a 360-month term of imprisonment for each of three counts of distribution of heroin (21 U.S.C. § 841 (a)(1)), a term of life imprisonment for one count of engaging in a continuing criminal enterprise (21 U.S.C. § 848), and a 120-month term of imprisonment for fraudulent use of a telecommunications instrument (18 U.S.C. § 1029 (a)(5)). All of defendant's sentences run concurrently with one another.

relief.  The Fifth Circuit denied him a certificate of appealability.  United States v. Lampton, No. 01-31110 (February 25, 2002).

Since his initial § 2255 petition, Lampton has filed numerous collateral attacks upon his conviction and sentence. As noted by the U.S. Court of Appeals for the Fifth Circuit in its ruling on his last collateral challenge, between 2003 and 2010, Lampton filed ten challenges to his convictions and sentence: three motions for authorization to file successive § 2255 petitions, three petitions under 28 U.S.C. § 2241 and one motion for a nunc pro tunc order.  All ten were dismissed or denied.  The steady stream of filings prompted the Fifth Circuit to issue a warning to Lampton that "filing further frivolous challenges to his conviction and sentence could result in the imposition of sanctions.

Despite warnings from the U.S. Fifth Circuit Court of Appeals that further frivolous challenges to his conviction and sentence could result in the imposition of sanctions, however, Lampton, in April 2011, filed another § 2255 motion to vacate based Magwood v. Patterson.  This court determined that the motion was successive and transferred it to the Fifth Circuit.  The Fifth Circuit denied him authorization to file the successive petition, and again cautioned him that "our prior warning remains in effect:   "the future filing of any frivolous challenge to his conviction and/or sentence will result in the imposition of sanctions."  In Re: Billy Lampton, 11-30458 (5th Cir. 2012).

Lampton is now before the court on another § 2255 motion to vacate, challenging his convictions based on a claim of ineffective assistance under newly recognized decisions, Lafler v. Cooper, 132 S.Ct. 1376 (2012) and Missouri v. Frye, 132 S.Ct. 1399 (2012).  The motion presently

before the Court is considered to be a second or successive motion as described in 28 U.S.C. §§ 2244 and 2255.[2]

In order to overcome the prohibition against the filing of second or successive claims, the defendant must establish that the motion contains one of the following requirements:

1) claims based on newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or

2) claims based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Before the motion can be considered on the merits by this District Court, the defendant must obtain certification from the United States Fifth Circuit Court of Appeals to file this second or successive motion by making a prima facie showing of the above listed requirements to that appellate court as required by § 2255. Until such time as defendant obtains said certification, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that defendant's motion be construed in part as a motion for certification for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that this motion be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court

---

[2] Furthermore, the Fifth Circuit Court of Appeals in In Re: Richard M. King, Jr., 697 F.3d 1189 (5th Cir. 2012), in the context of a successive §2254 application, stated "we agree with the Eleventh Circuit's determination in In Re Perez, 682 F.3d 930, 933-34 (11th Cir. 2012), that Cooper and Frye did not announce new rules of constitutional law because they merely applied the Sixth Amendment right to counsel to a specific factual context."

to determine whether defendant is authorized under 28 U.S.C. § 2244 and § 2255 to file the instant motion to vacate in this District Court.

New Orleans, Louisiana, this 18th day of April, 2013.

_____
UNITED STATES DISTRICT JUDGE